In the
United States Court of Appeals
For the Seventh Circuit

No. 99-4292

JOHN C. BLEAVINS,

Plaintiff-Appellee,

v.

JOEL H. BARTELS, ROGER BAY,
and VERNON MCGREGOR,

Defendants-Appellants.


Appeal from the United States District Court
for the Central District of Illinois.
No. 98-1236--Michael M. Mihm, Judge.


ARGUED November 2, 2000--DECIDED MARCH 15,
2001


   Before HARLINGTON WOOD, JR., RIPPLE, and
ROVNER, Circuit Judges.

   HARLINGTON WOOD, JR., Circuit Judge.  The
Illinois Department of Revenue determined
that plaintiff-appellee John Bleavins
owed the state $11,415.70 in back taxes,
penalties, and interest. Bleavins failed
to respond to a notice and demand for
payment; therefore, on May 2, 1995, Joel
Bartels, an employee of the Illinois
Department of Revenue, issued a seizure
warrant pursuant to section 1109 of the
Illinois Income Tax Act, 35 Ill. Comp.
Stat. 5/1109. The warrant was addressed to
the "County Sheriff, Macon County" and
directed the sheriff to "levy on, seize
and sell the taxpayer's property, as
shown on the attached sheet." The
attached sheet included a heading with
Bleavins' name and social security number
and read as follows: "1-Pontoon Boat, 1-
Speed Boat."

   Before Bartels issued the warrant,
Department of Revenue employee Roger Bay
was sent out to Bleavins' home to
determine whether there were assets
available for seizure. Bay did not enter
Bleavins' property, but sat fifty to

seventy yards away and used binoculars to inventory the site. He observed a flatbed trailer, a utility trailer, some tools related to Bleavins' carpentry business, the boats, and a pickup truck. Bay recorded license plate numbers from the truck, the trailers, and the boats. Bay then completed a "Checklist for Seizure" form which he provided to Bartels, together with a sketch of Bleavins' property showing the location of the items listed above as well as permanent structures. On the Checklist, Bay recommended seizure of the pickup truck, the tools, the pontoon boat, and the speed boat. Bay returned to the site a couple days before the warrant was issued to make sure that the property was still there.

On May 2, Bartels and Bay, together with Vernon McGregor, manager of the Field Compliance Division for the Department of Revenue, met with Deputies Baum, Terry, and Veach of the Macon County Sheriff's Office. The six men then proceeded to Bleavins' home to execute the warrant. Deputy Baum served the warrant on Bleavins, who voiced strong objections to the seizure of his property. McGregor determined that the men would not take the pontoon boat or the speed boat because he believed that they would not be able to take the boats without damaging them. McGregor then asked the deputies to run a license plate check on the flatbed and utility trailers which were located near the boats. When the check revealed that the trailers were registered to Bleavins, McGregor informed Bleavins that the trailers would be seized in lieu of the boats, despite the fact that McGregor knew that the trailers were not listed on the seizure warrant. The trailers, which were towed away, contained about fifty tools.

An inventory of the trailers and their contents was completed approximately six weeks after the seizure. On the advice of the Macon County State's Attorney, a new seizure warrant was prepared on July 3, 1995. This warrant listed all of the property that had been seized on May 2. A copy of the July 3 warrant was served on Bleavins. Meanwhile, on June 12, 1995, Bleavins filed suit in the Circuit Court of Macon County, seeking the return of the items that had been seized. On July 7, the court ordered that all of the

property be returned, and Bleavins concedes that the items were returned to him in the same condition as when they were taken.

Bleavins then filed this civil rights suit in state court in Macon County in March 1996, alleging a violation of his rights under the Fourth and Fourteenth Amendments. The suit named Bartels, Bay, McGregor, the three deputies, and Lee Holsapple, the Macon County Sheriff, as defendants. On April 26, 1996, the Department of Revenue defendants filed a notice of removal pursuant to 28 U.S.C. sec. 1441(a). The case was removed to the United States District Court for the Central District of Illinois. The district court granted summary judgment in favor of Bleavins on the liability issue and denied the defendants' claims of qualified immunity.

A two-day jury trial was held on the issue of damages, following which the jury awarded Bleavins $1,000 in damages. The Department of Revenue defendants filed a notice of appeal on December 16, 1999. The County defendants filed a notice of appeal on December 17, 1999. Bleavins filed a notice of appeal as to the amount of damages on December 29, 1999. Both the County defendants and Bleavins voluntarily dismissed their appeals pursuant to Fed. R. App. P. 42(b) after the parties agreed to a settlement in conjunction with discussions held pursuant to Cir. R. 33. This appeal, therefore, deals only with the claims raised by the Department of Revenue defendants.

ANALYSIS

Appellants contend that, because they were on Bleavins' land lawfully pursuant to a warrant that was valid under the Fourth Amendment, the seizure of the trailers was justified under the plain view doctrine, and the district court erred in granting judgment in favor of Bleavins as to liability. Alternatively, appellants assert that should we find that the plain view doctrine does not apply, they should be entitled to qualified immunity based on the fact that no clearly-established law would have informed them that the plain view doctrine was inapplicable in civil cases. We review de novo. Myers v. Hasara, 226

F.3d 821, 825 (7th Cir. 2000).


A.   The Plain View Doctrine

   Under the plain view doctrine as applied in the criminal context, "if police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant." Minnesota v. Dickerson, 508 U.S. 366, 375 (1993). Despite the express language requiring that an object's "incriminating character" be "immediately apparent," appellants contend that the plain view doctrine is not limited to the seizure of criminal evidence or contraband. Instead, appellants argue that if a revenue agent who is lawfully on a taxpayer's property observes an item in plain view, has lawful access to that item, and has probable cause to believe that the item is subject to levy, the plain view doctrine will justify the seizure of that item without a warrant.

   Bleavins does not contest appellants' assertion that the trailers were subject to a valid tax lien. If a delinquent taxpayer fails to respond to the Department of Revenue's notice and demand within ten days,

the Department may issue a warrant directed to any sheriff or other person authorized to serve process, commanding the sheriff or other person to levy upon the property and rights to property (whether real or personal, tangible or intangible) of the taxpayer, without exemption, found within his jurisdiction, for the payment of the amount thereof with the added penalties, interest and the cost of executing the warrant.

35 Ill. Comp. Stat. 5/1109. In response to questioning at oral argument, counsel for appellants stated that there was no limitation under Illinois law as to what property can be seized, and we find none in our independent research. Therefore, were we to adopt the approach urged by appellants, once revenue agents entered a taxpayer's property pursuant to a valid warrant to seize specific items, they could instead seize any property in plain view that they had reason to believe

belonged to the taxpayer.

This argument must fail, as it would be left entirely to the discretion of the officials executing the warrant to decide which of the items likely belonging to the taxpayer to seize. See Lo-Ji Sales v. New York, 442 U.S. 319, 325 (1979). "The requirement that search warrants particularly describe the things to be seized is a bedrock of Fourth Amendment jurisprudence." Supreme Video, Inc. v. Schauz, 15 F.3d 1435, 1439 (7th Cir. 1994)./1 The particularity requirement "makes general searches under [a warrant] impossible and prevents the seizure of one thing under a warrant describing another." Marron v. United States, 275 U.S. 192, 196 (1927).

Appellants do not argue that the trailers fall within the scope of the warrant, even if the warrant were to be liberally construed, nor could they, given the clear directive to seize a pontoon boat and a speed boat. See Hessel v. O'Hearn, 977 F.2d 299, 302 (7th Cir. 1992). Instead, appellants attempt to justify their choice to substitute the trailers for the boats with the assertion that the boats could not have been seized without being damaged. Despite these good intentions, we must conclude that this is a case in which the executing officers exhibited flagrant disregard for the terms of the seizure warrant. "Flagrant disregard for the terms of [a] warrant transforms it into a general warrant, which the Fourth Amendment forbids." Id.

The plain view doctrine is a narrow exception to the protections of the Fourth Amendment./2 The plain view doctrine "allows officers executing a valid search warrant to seize contraband or incriminating evidence that they see in the course of their search even though the items in question were not named in the warrant." Hessel, 977 F.2d at 302 (citing United States v. Jefferson, 714 F.2d 689, 694 (7th Cir. 1983))./3 Bleavins does not contest appellants' claim that they were lawfully on his property pursuant to a valid warrant. However, as the Supreme Court has noted, "the plain-view cases clearly state that, notwithstanding the absence of any interference with privacy, seizures of effects that are not authorized by a warrant are reasonable only because there

is probable cause to associate the property with criminal activity." Soldal v. Cook County, 506 U.S. 56, 69 (1992). The Supreme Court has recognized that plain-view "seizures must satisfy the Fourth Amendment and will be deemed reasonable only if the item's incriminating character is 'immediately apparent.'" Id. (citing Horton v. California, 496 U.S. 128, 136-37 (1990)). Appellants concede that the trailers in question were not incriminating in nature or in any way associated with criminal activity. Therefore, the plain view doctrine cannot justify the seizure.

B. Qualified Immunity

Qualified immunity shields government officials performing discretionary functions from liability for civil damages "as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." Anderson v. Creighton, 483 U.S. 635, 638 (1987). In determining whether qualified immunity applies, we must consider "'(1) whether the plaintiff has asserted a violation of a federal constitutional right, and (2) whether the constitutional standards implicated were clearly established at the time in question.'" Spiegel v. Cortese, 196 F.3d 717, 723 (7th Cir. 1999), cert. denied, 120 S. Ct. 2688 (2000) (quoting Eversole v. Steele, 59 F.3d 710, 717 (7th Cir. 1995)). Although qualified immunity is a defense, the plaintiff bears the burden of showing that these two elements are met. Id.

As previously discussed, Bleavins has established a violation of his rights under the Fourth Amendment. Furthermore, the express terms of the plain view doctrine as set out by the Supreme Court as well as interpretations of the doctrine by this court make it clear that an essential element of the doctrine is the incriminating nature of the objects in question. Because all of the cases cited in our discussion of Bleavins' Fourth Amendment rights were in place on May 2, 1995, we find that the standards implicated were clearly established at the time of the unlawful seizure. Appellants are not entitled to qualified immunity.

The decision of the district court is

AFFIRMED.


/1 Appellants do not attempt to justify the seizure of the trailers based on the July 3 warrant. It is clear that the Fourth Amendment does not "countenance open-ended warrants, to be completed while a search is being conducted and items seized or after the seizure has been carried out." Lo-Ji Sales, 442 U.S. at 325.

/2 Fourth Amendment protection extends to the seizure of property in furtherance of tax law enforcement when the property in question is situated on private premises. G. M. Leasing Corp. v. United States, 429 U.S. 338, 354-59 (1977).

/3 This court expressly stated in Hessel that the plain view "doctrine leaves unsolved the problem of items seen during the search but not incriminating on their face." Hessel, 977 F.2d at 302. The Hessel panel upheld the seizure of items that were not incriminating on their face based on the fact that the items were covered under a reasonable construction of the warrant at issue. Appellants do not argue that the trailers were covered under the May 2 warrant.